UNION FREE SCHOOL DISTRICT NO. 3 OF THE TOWN OF GREENBURGH, Appellant-Respondent, v. ROBERT H. ABLANALP, Respondent-Appellant.— In a condemnation proceeding, the parties cross-appeal (1) from separate parts of an order of the Supreme Court, Westchester County, dated August 9, 1972, and made upon defendant's motion to confirm the report of the Commissioners of Appraisal and upon plaintiff's cross motion to discontinue the proceeding, and (2) from a judgment of the same court, entered August 10, 1972 upon the order, in favor of defendant against plaintiff for $105,157.58. The portions of the order appealed from are as follows: By plaintiff from so much of the order as directed it to pay (1) defendant $50,199.14 for attorneys' fees and disbursements, $40,750 for expenses, $13,250 for expert witnesses' fees and $958.44 for court stenographic fees, making a total of $105,157.58, and (2) the commissioners their individual fees and expenses of $2,365 as follows: $865 to Alfred D. Fredericks, $175 to the Estate of Harold Mabie, Sr., $750 to Ben W. Wilson and $575 to Theodore E. Hill, Jr.; and by defendant from so much of the order as denied his claim for reimbursement for real estate taxes paid by him and for interest on the value of the property from the date of the filing of the *lis pendens* in the proceeding. Order modified, on the law, by striking from the last decretal paragraph thereof the above-mentioned amounts of $2,365, $865, $175, $750 and $575 and substituting therefor the following amounts, respectively: $1,690, $640, $150, $525 and $375. As so modified,

order affirmed insofar as appealed from, without costs. Judgment affirmed, without costs. Pursuant to statute, commissioners of appraisal are "entitled to compensation not exceeding twenty-five dollars for services for every day they are actually engaged in the performance of their duties" (Condemnation Law, § 14). It appears from the record that on several occasions during these proceedings the commissioners herein held numerous and separate hearings on the same day and that, in computing the total number of days, they treated each of these separate hearings as a "day" for the purpose of compensation under the statute. This procedure was invalid. The statute expressly provides for a specific fee for each day and not for each hearing (Condemnation Law, § 14). Accordingly, the awards to the commissioners are modified herein to conform to the number of days on which the commissioners were actually engaged in the performance of their duties. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.